UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MYLES DOLLIOLE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-9655** |
| **JASON KENT, WARDEN** | **SECTION: "F"(5)** |

### REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.  Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2).   For the following reasons, **IT IS RECOMMENDED** that the petition for habeas corpus relief be **DISMISSED WITH PREJUDICE**.

### Procedural History

Petitioner, Myles Dolliole, is a convicted inmate incarcerated at the Dixon Correctional Institute in Jackson, Louisiana.   On May 19, 2014, he was charged by bill of information with one count of aggravated battery with a dangerous weapon, to wit: a handgun, and one count of possession of a firearm by a convicted felon.[1]   On August 25, 2015, he withdrew his former plea and entered a guilty plea to both counts.   He received a

---

[1] State Rec., Vol. 1 of 2, Bill of Information, Orleans Parish.

five-year sentence on count one and a 10-year sentence on count two. That same date, the State filed a multiple-offender bill of information as to count one charging him as a second-felony offender. Dolliole entered a guilty plea to the multiple bill. The trial court vacated the original sentence and sentenced him as a multiple offender on the aggravated battery count to serve five years imprisonment.[2] He did not appeal the conviction or sentence.

On August 13, 2016, he signed and submitted for filing an application for post-conviction relief with the state district court.[3] He raised only one claim, that he was subjected to double jeopardy. On or about November 10, 2016, he filed a writ of mandamus with the Louisiana Fourth Circuit Court of Appeal. He requested an order directing the state district court to rule on his pending application for post-conviction relief. On November 29, 2016, the court of appeal issued an order requiring a response from the trial court within 30 days. On December 8, 2016, the state district court denied the

---

[2] State Rec., Vol. 1 of 2, Multiple Bill of Information; Waiver of Constitutional Rights Plea of Guilty Felony and Multiple Offender; *see also* Sentence of the Court.

[3] State Rec., Vol. 2 of 2, Uniform Application for Post-Conviction Relief. Federal habeas courts must apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana state-court filing, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system." *Causey v. Cain*, 450 F.3d 601, 607 (5th Cir. 2006). Because that date is not apparent from the state-court record, the Court will use the signature date since the application obviously could not have been placed in the mail any earlier than the date it was signed. The Court notes that the affidavit in the PCR application is actually dated incorrectly, August 13, 201<u>5</u>, rather than 201<u>6</u>. This was obviously a mistake because the guilty plea was entered on August 25, 2015.

application for post-conviction relief.[4]  However, having received no response from the district court, the court of appeal issued another order on January 27, 2017, directing the trial court to respond within 30 days.  The district court provided proof of compliance.  On February 8, 2017, the court of appeal denied Dolliole's writ of mandamus as moot.[5]

In a letter to the court of appeal dated March 25, 2017, Dolliole stated that he was confused by the ruling that the lower court is in compliance because he "has not been informed of his position in this matter."  He sought to learn whether he was "denied or granted relief."[6]  On March 31, 2017, the court of appeal responded simply that it does not interpret writ dispositions and if dissatisfied with the court's decision he should seek a writ in the Louisiana Supreme Court.  On or about April 24, 2017, he filed a supervisory writ application with the Louisiana Supreme Court.[7]  On September 6, 2017, the Louisiana Supreme Court refused to consider the writ application because it was not timely filed pursuant to Louisiana Supreme Court Rule X § 5."[8]

---

[4] State Rec., Vol. 2 of 2, State District Court Order denying PCR, 12/8/16.

[5] State Rec., Vol. 2 of 2, *In Re Myles Dolliole*, 2016-K-1175 (La. App. 4th Cir. Feb. 8, 2017).

[6] State Rec., Vol. 2 of 2, Myles Dolliole correspondence dated 3/25/17.

[7] State Rec., Vol. 2 of 2, Louisiana Supreme Court Writ Application (undated but bearing metered postage date of April 24, 2017, post-marked April 26, 2017, and stamped as filed May 30, 2017).

[8] State Rec., Vol. 2 of 2, *State ex rel. Dolliole v. State*, 2017-KH-0904 (La. 9/6/17), 226 So.3d 435.  Louisiana Supreme Court Rule X § 5 allows 30 days from issuance of the

On September 18, 2017, Dolliole filed his federal application for habeas corpus relief.[9] In his petition, he claims that he was subjected to double jeopardy. The State filed a response, arguing that the federal application is not timely. Alternatively, even if considered timely, the State argues that the claim should be denied on the merits.[10]

## Analysis

*A. Statute of Limitations*

Initially, the Court must determine whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court, *i.e.*, the petitioner must have exhausted state-court remedies and the claim must not be in "procedural default." *Nobles v. Johnson*, 127 F.3d 409, 419–20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)). The State does not raise procedural default, but does assert that the federal petition was not timely filed. For the following reasons, the Court finds that the application is untimely.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one year of the date on which

---

appellate court's order to file an application for review.

[9] Rec. Doc. 1, 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus. "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." *Roberts v. Cockrell*, 319 F.3d 690, 691 n. 2 (5th Cir. 2003). Petitioner signed his federal application on September 18, 2017. Therefore, his application could not have been placed in the prison mailing system any earlier than that date.

[10] Rec. Doc. 8.

his underlying criminal judgment becomes "final."[11]   With regard to finality, the United States Fifth Circuit Court of Appeals has explained:

> The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court. *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir.2003). However, "[i]f the defendant stops the appeal process before that point," ... "the conviction becomes final when the time for seeking further direct review in the state court expires." *Id*. at 694; *see also Foreman v. Dretke*, 383 F.3d 336, 338 (5th Cir.2004) (Section 2244(d)(1)(A) gives alternative routes for finalizing a conviction: either direct review is completed or the time to pursue direct review expires).

---

[11] Title 28 U.S.C. § 2244(d) provides additional grounds, which do not apply here:

(1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

    A. the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    B. the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    C. the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    D. the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

5

> Although federal, not state, law determines when a judgment is final for federal habeas purposes, a necessary part of the finality inquiry is determining whether the petitioner is still able to seek further direct review. *See Foreman*, 383 F.3d at 338–39. As a result, this court looks to state law in determining how long a prisoner has to file a direct appeal. *See Causey v. Cain*, 450 F.3d 601, 606 (5th Cir.2006); *Roberts*, 319 F.3d at 693.

*Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008).

As previously stated, Dolliole pleaded guilty and was sentenced on August 25, 2015. His state criminal judgment became final for AEDPA purposes, and his federal limitations period therefore commenced, on September 24, 2015, when his time for filing an appeal under state law expired.[12]  Under a plain reading of the statute, Dolliole then had one year within which to file his federal habeas petition.  He did not file his federal habeas petition with this Court until September 18, 2017.  Thus, his application must be dismissed as untimely, unless that deadline was extended through tolling.

Regarding statutory tolling, the AEDPA expressly provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).  To be considered "properly filed" for purposes of § 2244(d)(2), an application's delivery and acceptance must be in

---

[12] *See State v. Counterman*, 475 So.2d 336, 338 (La. 1985) (conviction and sentence are final upon the failure of the defendant to make a timely motion for appeal).  Under Louisiana law, a criminal defendant has thirty (30) days to file a motion to appeal his conviction or sentence.  La. Code Crim. P. art. 914.

6

compliance with the applicable laws and rules governing filings, such as time limitations. *Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005), citing *Artuz v. Bennett*, 531 U.S. 4, 8 (2000); *see also Williams v. Cain*, 217 F.3d 303, 306-308 & n. 4 (5th Cir. 2000). The timeliness consideration in Louisiana, for purposes of the AEDPA, requires application of a prison mailbox rule to state pleadings filed by a prisoner. *Causey v. Cain*, 450 F.3d 601, 604-05 (5th Cir. 2006). A matter is "pending" for Section 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *Williams*, 217 F.3d at 309 (finding that petitioner's application seeking post-conviction relief in the Louisiana trial court ceased to be "pending" within the meaning of section 2244(d)(2) when he failed timely to file an application for a supervisory writ with the Louisiana Supreme Court).

Dolliole's conviction became final on September 24, 2015. He filed his application for post-conviction relief with the state district court on August 13, 2016. At this point, he had only 42 days remaining (323 days elapsed) in the one-year federal limitations period. The State argues that the application remained pending and the one-year limitations period did not resume running until March 10, 2017, or 30 days after the writ of mandamus was denied. Because Dolliole did not seek supervisory review with the Louisiana Supreme Court in a timely manner (La. S. Ct. Rule X § 5), the subsequent writ application had no tolling effect and the one-year limitations period continued to run untolled until it expired on April 21, 2017.

The State's calculations graciously afford Dolliole tolling credit for the entire time his writ of mandamus was pending with the Louisiana Fourth Circuit Court of Appeal, plus an additional 30 days beyond that for seeking review of that ruling with the Louisiana Supreme Court. The Court notes that it is certainly questionable under Fifth Circuit precedent whether that writ of mandamus actually had any tolling effect on the proceedings. *Moore v. Cain*, 298 F.3d 361 (5th Cir. 2002). Nevertheless, even affording Dolliole the benefit of the State's generous calculations and liberal tolling scenario, his federal writ application is still untimely.

Dolliole filed nothing after his writ of mandamus that could be considered a "properly filed" and pending application for post-conviction or other collateral review, pursuant to Section 2244(d)(2), that would provide further tolling. His writ of mandamus was denied by the court of appeal on February 8, 2017. Over two months later, on April 24, 2017, he filed a supervisory writ application with the Louisiana Supreme Court. The Louisiana Supreme Court refused to consider his supervisory writ application because it was not timely filed within the 30-day period required under Louisiana law. Under federal habeas law, a writ application that fails to comply with Louisiana Supreme Court Rule X § 5 is not "properly filed" because it is untimely, and it is not pending as post-conviction review for purposes of the AEDPA's statute of limitations and tolling doctrines. *Butler*, 533 F.3d at 318-19; *Larry v. Dretke*, 361 F.3d 890, 897 (5th Cir. 2004) (failure to file state pleadings in the time-frame provided for under state law rendered the pleadings not properly filed); *Wardlaw v. Cain*,

541 F.3d 275, 279 (5th Cir. 2008). Dolliole's untimely supervisory writ application, regardless of whether it challenged the mandamus ruling or sought a substantive ruling on the double-jeopardy claim, could not possibly toll the federal one-year limitations period. As the United States Supreme Court has expressly held, when a state post-conviction filing is rejected by the state court as untimely, it cannot be considered "properly filed" within the meaning of § 2244(d)(2). *Pace*, 544 U.S. at 410. Indeed, the United States Supreme Court made it abundantly clear that "[w]hen a post-conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Pace*, 544 U.S. at 414 (quoting *Carey*, 536 U.S. at 226). Dolliole is not entitled to tolling credit for his untimely Louisiana Supreme Court writ application. *Williams*, *supra*.; *see also Cook v. Yelverton*, Civ. Action No. 16-954, 2016 WL 3189699, at *4 (E.D. La. May 9, 2016), *adopted*, 2016 WL 3167689 (E.D. La. June 7, 2016); *Batiste v. Rader*, Civ. Action No. 11-1025, 2011 WL 8185554, at *2 (E.D. La. Dec. 7, 2011), *adopted*, 2012 WL 2527063 (E.D. La. June 29, 2012).

Consequently, adopting the State's generous calculations, and even assuming that Dolliole's post-conviction application ceased to be pending, and statutory tolling likewise ceased on March 10, 2017, thirty (30) days after the court of appeal's denial of mandamus relief, Dolliole had no other "properly filed" applications for state post-conviction relief or collateral review pending before the state courts. The remaining 42 days of the one-year limitations period expired long before he filed his federal application with this Court on September 18, 2017. Thus, Dolliole is not entitled to statutory tolling.

The AEDPA's statute of limitations is also subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id*. at 649 (internal quotation marks omitted); *see also Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances"). A petitioner bears the burden of proof to establish entitlement to equitable tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). Dolliole has not alleged, much less shown, that he is entitled to equitable tolling under the circumstances.[13]

Dolliole's federal application was filed untimely after the one-year federal limitations period expired. He has not established any basis for statutory or equitable tolling. Therefore, his federal habeas corpus petition should be dismissed with prejudice as untimely. However, in an abundance of caution, the Court notes that even if the petition had been filed timely, the claim is without merit for the following reasons.

*B. Substantive Merits Review*

Dolliole's sole claim is that he was subjected to double jeopardy when he pleaded

---

[13] Dolliole likewise has not asserted a claim of actual innocence, which "serves as a gateway through which a petitioner may pass... [to excuse] the expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). Any such assertion would likely be unsuccessful given that he pleaded guilty to the offenses.

guilty to aggravated battery and being a convicted felon in possession of a firearm. The Court may exercise its discretion to review and deny an unexhausted claim on the merits.[14]

The Double Jeopardy Clause of the Fifth Amendment protects against: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. *Brown v. Ohio*, 432 U.S. 161, 165, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977) (quoting *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969)). In *Blockburger*, the United States Supreme Court determined that if each charged offense contains an element that is not contained in the other, the charges are not considered to be the same offense and are not barred under the Double Jeopardy Clause. *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). In applying the test, the Court must "compare the criminal statutes at issue and inquire whether each provision requires proof of an additional fact that the other does not." *United States v. Singleton*, 16 F.3d 1419, 1442 (5th Cir. 1994) (citing *Blockburger*, 284 U.S. at 304); *accord Bias v. Ieyoub*, 36 F.3d 479, 480 (5th Cir. 1994).

---

[14] Dolliole arguably presented only a request for mandamus relief in the state court of appeal and his writ application was not considered by the Louisiana Supreme Court because it was untimely. Regardless, the Court may exercise its discretion to deny a plainly meritless claim, even if unexhausted. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."); *Miller v. Dretke*, 431 F.3d 241, 245 (5th Cir. 2005); *Cox v. Stephens*, 602 F. Appx. 141, 143-44 (5th Cir. 2015). The State has not asserted that the claim is procedurally defaulted. Therefore, the Court considers the unexhausted claim under *de novo* review. *Henderson v. Cockrell*, 333 F.3d 592, 597 (5th Cir. 2003).

As the Fifth Circuit explained:

> We apply the *Blockburger v. United States*[, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932),] test to determine whether two different statutes punish the same offense. *Blockburger* requires us to compare the two statutes at issue and ask "whether each provision requires proof of an additional fact which the other does not". If either statute contains no element not also found in the other statute, the statutes "fail" the *Blockburger* test and the defendant may not be punished under both of them "in the absence of a clear indication of contrary legislative intent". Two statutory offenses need not be identical to constitute the same offense for double jeopardy purposes. The *Blockburger* inquiry focuses on the statutory elements of the offenses, not on their application to the facts of a specific case before the court. Thus, the question is not whether *this* violation of [the first statute] also constituted a violation of [the second statute], but whether *all* violations of the former statute constitute violations of the latter.

*Singleton*, 16 F.3d at 1422 (emphasis in original) (footnotes omitted).

Dolliole was charged with aggravated battery and being a convicted felon in possession of a firearm, which was based on his prior conviction for possession of cocaine (Case Number 437-910 "D" in the Criminal District Court for Orleans Parish). He argues that his guilty plea conviction and sentences for these two offenses amounts to double punishment for a single act in violation of the principles of double jeopardy.

Here, the two offenses each require proof of a fact not required of the other. The crime of possession of a firearm by a previously convicted felon requires proof of a prior felony conviction, an element not required for proof of aggravated battery. La. R.S. 14:95.1. The crime of aggravated battery requires proof of a battery, that is, the intentional use of force or violence upon the person of another, committed with a dangerous weapon. La. R.S. 14:34. Thus, the crime of aggravated battery requires intentional use of force or

violence upon another individual, an element not required for possession of a firearm by a convicted felon. Therefore, double jeopardy is not implicated.

Furthermore, to the extent he may assert a violation of double jeopardy based on the use of the prior possession-of-cocaine conviction as both an element of the charge of felon in possession of a firearm and the predicate conviction for the multiple-offender bill, that claim also fails. As this Court has explained, "Louisiana's multiple offender statute, La. R.S. 15:529.1, is merely a mechanism which provides a heavier punishment for a crime if the offender is a habitual offender. Utilization of a criminal conviction as a precedent for a multiple offender adjudication does not violate the prohibition against double jeopardy, *Price v. Allgood*, 369 F.2d 376 (5th Cir. 1966)." *Hayes v. Blackburn*, Civ. Action No. 86-5049, 1987 WL 6565, at *3 (E.D. La. Feb. 9, 1987) (Carr, J.) (denying petitioner's claim that multiple conviction violated the constitutional prohibition against double jeopardy because the prosecutor used his 1972 aggravated battery conviction as an element of the charge of a felon in possession of a firearm and as the predicate for his multiple offender adjudication). Dolliole was not punished twice for the same offense. Rather, he was convicted of being a felon in possession of a firearm based on his felony status stemming from his prior conviction for possession of cocaine, and he was subjected to an enhanced sentence for aggravated battery as a multiple offender based on his prior felony conviction for possession of cocaine. Accordingly, Dolliole is not entitled to relief on this claim.

**RECOMMENDATION**

**IT IS RECOMMENDED** that Dolliole's application for federal *habeas corpus* relief be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir.1996) (en banc).[15]

New Orleans, Louisiana, this  14th  day of  May , 2018.

MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[15] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.